AMELIA A. CHENEY *vs.* FOSTER PIERCE & others.

Proof that a person died in the possession and apparent ownership of personal property, which afterwards was in the apparent custody of an agent of another person, with proof that the latter, when a demand for it was made upon him, claimed to own it, is sufficient to authorize a verdict finding a conversion by him, if there is no evidence to show that in fact he had acquired a title.

TORT for the conversion of certain horses and other property, belonging to the estate of Gustavus Cheney, deceased, of which the plaintiff was administratrix. The defendants denied the plaintiff's title, and denied the conversion.

At the trial in the superior court, before *Ames*, J., " the plain-
tiff proved that the property had been for some time in the pos-
session and apparent ownership of the deceased, and that after
his death it remained at the stable which the deceased had oc-
cupied ; " and that his son, who was an agent of the defendant
Pierce, had " the apparent custody " of it thereafter.   In order
to prove the conversion, the plaintiff called as a witness Samuel
E. Sewall, a counsellor at law, who testified that he was for
some time attorney for the plaintiff, and wrote a letter to Pierce,
asking him to call and converse about the property, and that
Pierce accordingly came to his office, and said that he and a
woman claimed the property, and had papers showing the title.
Upon this evidence, the defendants contended that there was no
evidence of a conversion by either of the defendants, and that
the plaintiff was not entitled to recover ; and the judge so ruled,
and directed a verdict for the defendants, which was accordingly
rendered.   The case was reported for the determination of this
court.

*F. W. Sawyer*, for the plaintiff.

*H. C. Hutchins*, for the defendants.

METCALF, J.   These exceptions show that the plaintiff's in-
testate, at the time of his death, was in possession and had the
apparent ownership of the property described in the plaintiff's
declaration, and that, after his death, it was in the apparent cus-
tody of his minor son, who was an agent of the defendant
Pierce.   That custody, therefore, was in law the custody of
Pierce himself.   And there was no evidence tending to show
that the title to the property had ever been transferred to him,
except the testimony of Mr. Sewall that Pierce had papers show-
ing a title to it.   From whom those papers purported to trans-
fer a title does not appear — whether from the plaintiff's intes-
tate or some other person.

The other testimony of Mr. Sewall tended to show that a
demand for the property was made on Pierce by the plaintiff.
As he claimed the property and did not give it up, the demand
and refusal were evidence tending to prove a conversion by him.
And he did not, for the purpose of controlling that evidence,

produce the papers which he had shown to Mr. Sewall, nor any other evidence of his title to the property. For aught that was shown at the trial, Pierce might have originally taken the property without right; and if he did, such taking was of itself a conversion, and a demand and refusal were not needed as evidence of it.

The court are therefore of opinion that it was not rightly decided that there was " no evidence of a conversion by either of the defendants." We think there was some evidence of a conversion by Pierce, which evidence should have been left to the jury. And if it had not been rebutted by the defendants, and the jury had found a verdict against Pierce, we do not think that such verdict could have been rightly set aside on the ground that the evidence was not sufficient to support it.

*Exceptions sustained.*